IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PHILLIP W. WILLIAMSON,

    Plaintiff,

v.                                               CASE NO. 5:12-cv-390-LC-GRJ

KENNETH S. TUCKER, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 9, an amended civil rights complaint form completed by Plaintiff, a *pro se* prisoner incarcerated at Calhoun C.I. Plaintiff has been granted leave to proceed as a pauper and has paid the initial partial filing fee. (Docs. 8, 11.) Plaintiff names Kenneth S. Tucker, former Secretary of the Florida Department of Corrections, and corrections officers Sgt. Bolch and Sgt. Mitchell as Defendants. Plaintiff claims his civil rights were violated when, in July 1994 while housed at Columbia C.I., Sgt. Bolch and Sgt. Mitchell placed him in a smoking dormitory even though he was asthmatic. Plaintiff claims he was taken to the hospital on approximately July 9, 1994, after two days of exposure to the smoke. Plaintiff's factual timeline then jumps to November 19, 2011, when he had open heart surgery in Fort Myers, Fla. He also alleges that the DOC was negligent in providing him copies of his grievances. Plaintiff seeks $10 million in damages. (Doc. 9.)

Venue is proper in a civil action not founded solely on diversity only in a judicial district: (1) where any defendant resides, if all defendants reside in the same state; (2)


where a substantial part of the events giving rise to the claims occurred; or (3) where any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). The events which occurred in this case took place at Columbia C.I., which is in Columbia County, in the U.S. District Court for the Middle District of Florida. The only viable Defendants in this action are Defendants Bolch and Mitchell, who Plaintiff alleges are located at Columbia C.I. Therefore, the proper district for venue is the Middle District of Florida.

Pursuant to 28 U.S.C. § 1406(a) where, as here, a case has been filed in the wrong venue, "[T]he district court of a district in which is filed a case laying venue in the wrong ... district shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought." In this case, dismissal is appropriate.

A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." *Burton*, 178 F.3d at 1188, *citing Baker v. Gulf & Western Indus., Inc.*, 850 F.2d 1480, 1483 (11th Cir.1988). Although the length of the limitations period is determined by state law, when a § 1983 action accrues is a question of federal law. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (and cases cited therein). The statute of limitations begins to run when

Case No: 5:12-cv-390-LC-GRJ

the facts supporting the cause of action are apparent or would be apparent to a reasonable person, and when the plaintiff knows or has reason to know of his injury. *Id.*

In this case, Plaintiff clearly alleges that the violation of his rights occurred on July 1994, and that he knew of the violations at that time. (Doc. 9.) The instant case was provided to prison officials for mailing on January 16, 2013, well beyond the four-year limitations period. *Id.* Plaintiff's claims are barred by the statute of limitations. *See Clark v. Ga. Pardons and Paroles Bd*, 915 F.2d 636, 641 n.2 (11th Cir. 1990) (expiration of limitations period warrants dismissal as frivolous).

In light of the foregoing, it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1406(a) this case should be **DISMISSED.** Alternatively, this case is due to be dismissed as time-barred pursuant to 28 U.S.C § 1915(e)(2)(B)(i).

**IN CHAMBERS** at Gainesville, Florida, this 15th day of March 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**